**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 51350**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: March 12, 2025** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| TRAVIS LEE DAVIS, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Blaine County. Hon. Ned C. Williamson, District Judge.

Order granting motion to suppress, <u>affirmed</u>; judgment of conviction, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Jason C. Pintler, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Chief Judge

Travis Lee Davis appeals from his judgment of conviction for felony driving under the influence and possession of a controlled substance. Davis claims the district court erred in denying his motion to suppress. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Deputy Madrid stopped Davis for suspicion of driving under the influence and violation of Idaho Code § 49-624, by failing to move into the left-hand lane as he approached an officer conducting a separate traffic stop on the side of the road, with his stationary emergency lights flashing. The subsequent investigation revealed that Davis was in possession of a straw with cocaine residue, and that his breath alcohol content measured .122 and .123. The State charged

1

Davis with felony driving under the influence, I.C. § 18-8004, possession of a controlled substance (cocaine), I.C. § 37-2732(c)(1), and possession of drug paraphernalia, I.C. § 37-2734A(1).

Davis filed a motion to suppress the evidence seized during the traffic stop, arguing that Deputy Madrid did not have reasonable suspicion that Davis violated I.C. § 49-624 by remaining in the right-hand lane of travel because he was prevented from merging into the left lane by Deputy Madrid, who was driving in the left lane and was in Davis's blind spot. The district court denied the motion to suppress. The court found Deputy Madrid did not have a reasonable suspicion that Davis was driving under the influence, and the seizure was not justified on that basis. However, the court found that Davis violated I.C. § 49-624 by failing to merge into the left-hand lane when passing the officer conducting the traffic stop.

Pursuant to a plea agreement, Davis pled guilty to felony driving under the influence and possession of cocaine, reserving his right to challenge the denial of his motion to suppress, and the State dismissed the misdemeanor charge. Davis appeals.

## II.

## STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

## III.

## ANALYSIS

Davis claims that "mindful that appellate courts defer to a trial court's findings of fact when those findings are supported by substantial evidence and are not clearly erroneous," the district court erred by denying his motion to suppress. The State argues that the court's reasonable suspicion determination was supported by substantial evidence.

A traffic stop by an officer constitutes a seizure of the vehicle's occupants and implicates the Fourth Amendment's prohibition against unreasonable searches and seizures. *Delaware v.*

*Prouse*, 440 U.S. 648, 653 (1979); *Atkinson*, 128 Idaho at 561, 916 P.2d at 1286. Under the Fourth Amendment, an officer may stop a vehicle to investigate possible criminal behavior if there is a reasonable and articulable suspicion that the vehicle is being driven contrary to traffic laws. *United States v. Cortez*, 449 U.S. 411, 417 (1981); *State v. Flowers*, 131 Idaho 205, 208, 953 P.2d 645, 648 (Ct. App. 1998). The reasonableness of the suspicion must be evaluated upon the totality of the circumstances at the time of the stop. *State v. Ferreira*, 133 Idaho 474, 483, 988 P.2d 700, 709 (Ct. App. 1999). The reasonable suspicion standard requires less than probable cause but more than mere speculation or instinct on the part of the officer. *Id.* An officer may draw reasonable inferences from the facts in his or her possession, and those inferences may be drawn from the officer's experience and law enforcement training. *State v. Montague*, 114 Idaho 319, 321, 756 P.2d 1083, 1085 (Ct. App. 1988).

The district court found that Deputy Madrid had reasonable suspicion to stop Davis for violating I.C. § 49-624, which provides, in relevant part:

> The driver of a motor vehicle, upon approaching a stationary police vehicle displaying flashing lights . . . shall:
> (1) If the driver is traveling on a highway with two (2) or more lanes carrying traffic in the same direction, immediately reduce the speed of his vehicle below the posted speed limit, proceed with due caution and, if traveling in a lane adjacent to a stationary police vehicle displaying flashing lights . . . change lanes into a lane that is not adjacent to such vehicle as soon as it is possible to do so in a manner that is reasonable and prudent under the conditions then existing, with regard to actual and potential hazards.

The district court found,

> The record establishes that Davis did reduce the speed of his vehicle to 45 mph. Again, the Court is well aware of the speed limit at this section of Highway 75, but the record fails to establish the speed limit. Nonetheless, the dash cam video establishes that Davis slowed down significantly. However, slowing down is not enough under Idaho Code § 49-624 when there are two or more lanes of traffic. The law requires a driver to change lanes "as soon as it is possible in a manner that is reasonable and prudent under the conditions then exiting with regard to actual and potential hazards." *Idaho Code § 49-624(1).* Davis maintains that he wanted to let Madrid's car pass him and then he intended to move back into the left lane, which would leave one lane of distance between himself and the traffic stop. Under the existing circumstances, Davis had at least 14 seconds between the time the blue lights were visible and when Davis moved to the right lane to assess the existing conditions. During that time, there was no traffic around Davis except for Madrid who was directly behind Davis. The road was dry and there were no traffic obstructions. Davis could have decided to stay in the left lane and pass the on-going traffic stop. Such a decision would comply with a driver's obligations under

3

Idaho Code § 49-624. In the alternative, after Davis moved to the right lane, he had 25 seconds to return to the left lane to comply with a driver's obligations under Idaho Code § 49-624. Even though Davis contends that Madrid prevented Davis from safely merging into the fast lane, the Court finds Davis had room to safely merge into the left lane before passing the on-going traffic stop. Stated differently, Davis failed to comply with Idaho Code § 49-624 by driving in the right hand lane while passing the on-going traffic stop when it was possible to be in the left lane "in a manner that is reasonable and prudent under the conditions then existing, with regard to actual and potential hazards."

Davis maintains that Madrid was not visible when he wanted [to] go into the left lane as Madrid was in the "blind spot." Davis argues that he could not safely move into left lane as required by Idaho Code § 49-624. Madrid testified that Davis could have moved over to the left lane safely. For two reasons, the Court agrees with Madrid. First, an attentive driver can eliminate a blind spot by quickly glancing over the driver's left shoulder to determine if a vehicle is near the rear of the driver's car. There was ample time between the time Davis was in the right lane and the time when Davis passed the on-going traffic stop for Davis to determine where Madrid's vehicle was located. Second and more importantly, the dash cam video corroborates Madrid's testimony that David could have safely merged into the left lane. As Davis passed the on-going traffic stop, there were three to four car lengths between Davis' car and Madrid's patrol vehicle. Contrary to Davis' position, Madrid did not prevent Davis from safely merging into the left lane.

(Footnotes omitted.)

As he did in the district court, Davis argues that Deputy Madrid was not visible when Davis wanted to move into the left lane as Deputy Madrid was in his blind spot and he could not safely move into the left lane as required by I.C. § 49-624. The district court's determination that Deputy Madrid had reasonable suspicion that Davis violated I.C. § 49-624 is supported by substantial evidence.

The district court considered the testimony at the suppression hearing and the video evidence and found that Davis had at least fourteen seconds between the time the blue lights were visible and when Davis moved to the right lane to assess the existing conditions; there was no traffic around Davis except for Deputy Madrid who was directly behind Davis; there were no traffic obstructions; Davis could have decided to stay in the left lane and pass the on-going traffic stop; after Davis moved to the right lane, he had twenty-five seconds to return to the left lane to comply with a driver's obligations under I.C. § 49-624; Davis had room to safely merge into the left lane before passing the on-going traffic stop; and, as Davis passed the on-going traffic stop, there were three to four car lengths between Davis's car and Deputy Madrid's patrol vehicle. As to Davis's "blind-spot" the district court found that Davis had ample time to glance over his left

4

shoulder to see if a vehicle was near the rear of his vehicle, and the dash-cam video corroborated Deputy Madrid's testimony that Davis could have safely merged into the left lane. Davis does not claim that any of these facts are clearly erroneous or not supported by substantial evidence in the record. The district court's factual findings are supported by substantial and competent evidence in the record and support a determination that Deputy Madrid had reasonable suspicion to stop Davis for violating I.C. § 49-624.

## IV.
## CONCLUSION

The district court's findings are supported by substantial and competent evidence in the record. Davis has failed to show that the district court erred in denying his motion to suppress. Therefore, the district court's order denying Davis's motion to suppress and his judgment of conviction are affirmed.

Judge HUSKEY and Judge TRIBE **CONCUR**.